UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS STEVEN RAY PARKER,

    Plaintiff,

v.

DANIEL WHITE, et al.,

    Defendants.

CASE NO. 3:18-cv-05093-BHS-DWC

ORDER DENYING MOTION TO FILE INTERROGATORIES

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Plaintiff Dennis Steven Ray Parker's Motion to File Thirteen Interrogatories ("Motion"). Dkt. 29.

**I.  Background**

Plaintiff filed this action on February 5, 2018. Dkts 1, 9. He included ten John Doe Defendants in his Complaint, but included only two named Defendants. Dkt. 9. The Court ordered Plaintiff to show cause or provide a list of the names and contact information for the unnamed Defendants. Dkt. 10. Plaintiff responded by filing interrogatories, which the Court interpreted as Plaintiff's inability to provide the names of his John Doe Defendants without

additional information. Dkts. 11, 12. Because of this, the Court opened discovery for the limited purpose of identifying Plaintiff's John Doe Defendants. Dkt. 28. The court set the discovery deadline at August 31, 2018, and informed Plaintiff he must send his interrogatories to Defendants no later than August 1, 2018. *Id*.

After the Court opened discovery, Plaintiff attempted several times to file interrogatories requesting identifying information on his John Does Defendants with the Court. Dkt. events at 7/27/2018, 8/1/2018. However, the Clerk declined to file them pursuant to Local Civil Rule 5(b). Plaintiff has now filed his Motion, asking "why are the limited [discoveries], and thirteen interrogatories not being filed in this case," even though the Court has authorized limited discovery. Dkt. 5.

**II.     Discussion**

Pursuant to local rule, the District Court's electronic filing system may be used to serve documents on a party in a case. LCR 5(b). However, "Rule 26 initial disclosures *and discovery requests* and responses *must not be filed* until they are used in the proceedings or the court orders filing." *Id*. (emphasis added). In other words, *requests for discovery must be sent directly to the party or the party's attorney*, and not to the Court.

Here, Plaintiff asks why his interrogatories have not been filed in this case. Under LCR 5(b), his discovery requests may not be filed until they are used in the proceedings or the Court orders they be filed. The Court has not yet ordered that they be filed, and, though he may later use the information from the interrogatories if he amends his Complaint, they are not currently being used in the proceedings. Thus, filing interrogatories with the Court is inappropriate at this time. If Plaintiff wishes to serve his interrogatories on his named Defendants, he should send his interrogatories directly to Defendants' counsel through U.S. mail.

### III. Conclusion

Insofar as Plaintiff's Motion requests clarification as to why his interrogatories have not been filed, the Motion is granted and clarification provided in Section II *supra*. Insofar as Plaintiff requests his interrogatories be filed in this case, his Motion is denied.

Defendants do not oppose an extension of the limited discovery deadline to accommodate Plaintiff sending his interrogatories to Defendants' counsel. Therefore, the discovery deadline is extended to **September 26, 2018**. Plaintiff must send any discovery requests to Defendants' counsel **no later than August 27, 2018**.

The Clerk is directed to renote Defendants' Motion to Dismiss (Dkt. 25) to September 28, 2018.

Dated this 13th day of August, 2018.

David W. Christel
United States Magistrate Judge