1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

DENNIS STEVEN RAY PARKER,

11

Plaintiff,

CASE NO. 3:18-cv-05093-BHS-DWC

12

v.

REPORT AND
RECOMMENDATION

13

DANIEL WHITE,

Noting Date: November 16, 2018

14

Defendant.

15

16    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United

17  States Magistrate Judge David W. Christel. Pending before the Court is Plaintiff Dennis Steven

18  Ray Parker's Motion for Default Judgment ("Motion") (Dkt. 42).

19    "When a party against whom a judgment for affirmative relief is sought has failed to

20  plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

21  enter the party's default." Fed. R. Civ. P. 55(a). Under Local Rule 55(a), upon motion by a party

22  supported by an affidavit, "the clerk shall enter the default of any party against whom a judgment

23  for affirmative relief is sought but has failed to plead or otherwise defend."

24

1   Here, Plaintiff appears to request default "due to Incomplete Answers of the First Set of

2   Plaintiff's Interrogatories." Dkt. 42, p. 1. However, Defendants have filed a Motion to Dismiss,

3   and thus they have not failed to respond or otherwise defendant against Plaintiff's allegations.

4   Dkt. 25; Fed. R. Civ. P. 55(a). Further, Plaintiff has not explained how the failure to respond to

5   Plaintiff's interrogatories warrants the extreme remedy of entering default judgment in Plaintiff's

6   favor. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Our starting point is the

7   general rule that default judgments are ordinarily disfavored"). In addition, Plaintiff has included

8   a copy of the responses Defendants sent Plaintiff in response to his interrogatories. Dkt. 42, pp.

9   4-30. In their response to the interrogatories, Defendants did not answer all of Plaintiff's

10  questions, but instead included several objections. *See*, *e.g.*, *id*. at 25 (objecting to interrogatory

11  no. 1 because it is outside the scope of the discovery the Court provided). A party is only

12  required to answer an interrogatory to the extent it is not objected to. Fed. R. Civ. P. 33(b)(3).

13  Thus, Defendants' response to Plaintiff's interrogatories is sufficient for the limited purpose of

14  identifying Plaintiff's John Doe Defendants.

15  Therefore, the Court finds Defendants have adequately responded, both to Plaintiff's

16  Complaint and to Plaintiff's Interrogatories, and so default is inappropriate. Accordingly, the

17  Court recommends Plaintiff's Motion for Default (Dkt. 42) be denied.

18  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

19  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

20  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

21  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

22

23

24

REPORT AND RECOMMENDATION - 2

1    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

2    November 16, 2018, as noted in the caption.

3

4          Dated this 30th day of October, 2018.

5

6                                                    _____
                                                     David W. Christel
7                                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 3