UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS STEVEN RAY PARKER,<br><br>             Plaintiff,<br><br>   v.<br><br>DANIEL WHITE, et al.,<br><br>             Defendants. | CASE NO. 3:18-CV-05093-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 7, 2018 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Pending before the Court is Plaintiff Dennis Steven Ray Parker's Second Motion for Default Judgment ("Motion"). Dkt. 50.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Likewise, under Local Rule 55(a), upon motion by a party supported by an affidavit, "the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but has failed to plead or otherwise defend."

1          Here, Plaintiff filed the First Motion for Default Judgment on October 12, 2018,
2  requesting the Court grant default judgment because of Defendants' alleged non-compliance
3  with his first set of interrogatories. Dkt. 42, p. 1. On October 30, 2018, the undersigned issued a
4  Report and Recommendation recommending the Court deny the First Motion for Default
5  Judgment because (1) Defendants had not failed to defend against Plaintiff's allegations, and (2)
6  Plaintiff had not shown how the failure to respond to interrogatories warranted default judgment.
7  Dkt. 49. The Report and Recommendation on the First Motion for Default is currently pending
8  before the Court.

9          In the present Motion, Plaintiff similarly requests default due to Defendants' alleged non-
10 compliance with his second set of interrogatories. Dkt. 50, pp. 1-2. However, the two named and
11 served Defendants – Frank Longano and Daniel White – have filed a Motion to Dismiss, and
12 thus they have not failed to respond or otherwise defend against Plaintiff's allegations. Dkt. 25;
13 Fed. R. Civ. P. 55(a). The record further indicates Defendants did not answer Plaintiff's second
14 set of interrogatories because Plaintiff submitted them to Defendants in October 2018 – after the
15 Court's deadline for limited discovery. Dkt. 50, p. 25; *see also* Dkt. 28 ("The Limited discovery
16 shall be completed by August 31, 2018.").

17         Plaintiff also appears to request default because of alleged discovery disputes with
18 Defendants' counsel. Dkt. 50, pp. 1-3. But Defendants' counsel has indicated "Defendants will
19 continue to work with [Plaintiff] on discovery issues[.]" Dkt. 51, p. 1. As such, Plaintiff has not
20 shown how Defendants' alleged failure to respond to Plaintiff's interrogatories warrants the
21 extreme remedy of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)
22 (citation omitted) ("Our starting point is the general rule that default judgments are ordinarily
23 disfavored").

24

REPORT AND RECOMMENDATION - 2

1   In the Motion, Plaintiff identifies several previously-unnamed defendants ("John Doe

2 Defendants"). *See* Dkt. 50, pp. 3-5. However, as the Court indicated in its Order dated October

3 30, 2018 (Dkt. 48), if Plaintiff intends to pursue a § 1983 civil rights action against the John Doe

4 Defendants in this Court, he must, on or before November 30, 2018: (A) file a Motion to Amend,

5 along with an Amended Complaint, containing the names of his John Doe Defendants; or, (B)

6 show cause why the Court should not make a determination on Defendants' Motion to Dismiss

7 on the current record. *See* Dkt. 48, pp. 4-6.

8   In sum, the Court finds Defendants have adequately responded to Plaintiff's Complaint,

9 and so default is inappropriate. Accordingly, the Court recommends Plaintiff's Second Motion

10 for Default (Dkt. 50) be denied.

11   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

12 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

13 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

14 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

15 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

16 December 7, 2018, as noted in the caption.

17   Dated this 21st day of November, 2018.

*/s/ David W. Christel*
David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3