UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS STEVEN RAY PARKER,

          Plaintiff,

   v.

DANIEL WHITE, et al.,

          Defendants.

CASE NO. 3:18-cv-05093-BHS-DWC

ORDER GRANTING MOTION TO AMEND

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge David W. Christel pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

Plaintiff has filed a Motion to Amend, asking leave to add several Defendants originally identified only as John Doe Defendants. Defendants do not generally oppose Plaintiff's request, but raise three objections to plaintiff's Motion to Amend. For the reasons stated herein, the Court grants Plaintiff's Motion to Amend, but directs him to a file a Second Proposed Amended Complaint consistent with this Order.

ORDER GRANTING MOTION TO AMEND - 1

**DISCUSSION**

As a matter of course, a party may amend its pleading once within 21 days of serving it or, if it is a pleading that requires a response, within 21 days after service of the response. Fed. R. Civ. Proc. 15(a)(1). In all other cases, "a party may amend its pleading only with . . . the court's leave." *Id*. (a)(2). "The court should freely give leave when justice so requires." *Id*.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) *Amending as a Matter of Course*
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Here, the time has expired for filing an amendment as a matter of course and Plaintiff cannot amend pursuant to Rule 15(a)(1). In addition, though Defendants do not generally oppose Plaintiff amending his Complaint, they have provided the following objections: (1) insofar as Plaintiff has named James Goodwin as a Defendant, Defendant Goodwin is now deceased and so is not a proper Defendant; (2) Plaintiff attempts to raise claims against his former cellmate pursuant to § 1983 without explaining how his former cellmate was a state actor; and (3) Plaintiff has still named several Defendants as John Doe Defendants. *See* Dkts. 53-1, 56.

**I. Defendant Goodwin**

Plaintiff has named James Goodwin as a Defendant in this action. *See* Dkt. 53-1. One of Defendants' responses to Plaintiff's discovery requests indicates Defendant Goodwin is now deceased, s*ee* Dkt. 42, pp. 10-11, and Defendants argue, because Defendant Goodwin is now

deceased, service would be impossible and he is no longer a proper Defendant, *see* Dkt. 56, pp. 2-3. However, the death of a Defendant, even if they have not been served, is not necessarily a bar to liability against their successors. Rather, "'[i]f an action was commenced by the filing of a complaint but a party named in the complaint dies . . . before he is served with process, substitution is available, but, as in any instance of substitution, process must be served on the new party to acquire in personam jurisdiction.'" *Greer v. McGregor*, 8:10-2219-HMH, 2010 WL 4922705, at *1 (D. S.C. Nov. 4, 2010), *report and recommendation adopted sub nom. Geer v. McGregor*, 2010 WL 4922702 (D. S.C. Nov. 29, 2010) (citing Wright & Miller, *Federal Practice and Procedure, Civil* § 1951 (1972)). Here, the record does not indicate whether the action was commenced before or after the death of Defendant Goodwin. If the action was commenced before his death, even if he was not served with process before his death, Plaintiff may substitute Defendant Goodwin's successor, rather than defendant Goodwin himself, as a Defendant in this action. If the action was commenced after the death of Defendant Goodwin, Plaintiff should not include him in Plaintiff's Amended Complaint.

**II.     Defendant Fuerte**

Plaintiff has also included allegations against his cellmate, "Anthoney Fuerte." Dkt. 53-1, p. 5. However, in order to sustain an action under § 1983, a plaintiff must show: (1) that he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir.1991).

Here, Plaintiff has included "Anthoney Fuerte", apparently Plaintiff's cellmate, as a Defendant in this action. Dkt. 53-1, p.5. However, Plaintiff has not articulated how Defendant

1 | Fuerte was a "state actor," rather than a private citizen, for purposes of a § 1983 action. As such,
2 | plaintiff must either file an Amended Complaint that does not include Defendant Fuerte, or must
3 | explain how Defendant Fuerte was a "state actor" who participated in a violation of plaintiff's
4 | constitutional rights.

### III. John Doe Defendants

Finally, Plaintiff has included "John Does (unknown number) Ambulance and Ambulance Attendants" as Defendants for their alleged participation in Plaintiff's constitutional violations. Dkt. 53-1, p. 5. As Defendants correctly note, the Ninth Circuit disfavors the use of "John Doe" Defendants when naming parties in a complaint. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). This is because the Federal Rules of Civil Procedure require a complaint to name all parties "to apprise the parties of their opponents, and to protect 'the public's legitimate interest in knowing all the facts and events surrounding the court proceedings.'" *E.E.O.C. v. ABM Industries Inc.*, 249 F.R.D. 588, 594-95 (E.D. Cal. March 5, 2008) (quoting *Doe v. Texaco, Inc.*, 2006 WL 2850035, at *6 (N.D. Cal. Oct. 5 2006)). "A district court abuses its discretion by denying leave to amend where the complaint's deficiencies could be cured by naming the correct defendant." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013). If a plaintiff includes allegations against unknown defendants, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642.

Here, the Court has already provided Plaintiff with ample opportunity to amend his Complaint to adequately identify his John Does Defendants – indeed, the Court allowed Plaintiff limited discovery for the very purpose of more particularly identifying Plaintiff's John Does

Defendants. *See* Dkt. 28. However, Plaintiff has still named "John Does (unknown number) Ambulance and Ambulance Attendants" as Defendants in this action. Moreover, Defendants have indicated the John Doe ambulance attendants are not state employees, and so Defendants are unable to identify them through discovery. *See* Dkt. 42, pp. 22-25. As such, Plaintiff should exclude those John Doe Defendants in his Second Proposed Amended Complaint. If Plaintiff later learns the identities of his John Doe Defendants, he may later file a new motion to amend his Complaint to include them.

### IV. Conclusion and Instructions to Plaintiff

The Court finds that, because Defendants do not generally oppose Plaintiff's request to amend his Complaint, his Motion should be granted. However, for the reasons stated above, the Court grants Plaintiff's Motion to Amend (Dkt. 53) as follows:

1. Plaintiff is directed to file a Second Proposed Amended Complaint by January 25, 2019. The amended complaint shall: (1) omit allegations against Defendant Goodwin or, in the alternative, name Defendant Goodwin's successor as a Defendant if the action was filed before Defendant Goodwin's death; (2) omit allegations against Defendant Fuerte or, in the alternative, explain how Defendant Fuerte was a state actor; and (3) omit allegations against his John Doe Defendants or, in the alternative, properly name the John Doe Defendants.

2. Plaintiff shall not make any additional changes in the Second Proposed Amended Complaint. If Plaintiff seeks to make any changes beyond those identified in the preceding paragraph, he shall file a new Motion to Amend.

3. The Clerk is directed to renote Defendants' Motion to Dismiss (Dkt. 25) to January 25, 2019.

Dated this 28th day of December, 2018.

David W. Christel
United States Magistrate Judge