UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS STEVEN RAY PARKER,<br><br>Plaintiff,<br><br>v.<br><br>DANIEL WHITE, et al.,<br><br>Defendants. | CASE NO. 3:18-cv-05093-BHS-DWC<br><br>ORDER GRANTING MOTIONS TO AMEND |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Before the Court are Plaintiff Dennis Steven Ray Parker's Motion to Compel (Dkt. 59), Motion to Amend (Dkt. 60), and Amended Motion to Amend (Dkt. 65).[1] The Motion to Compel is denied and the Motion to Amend and Amended Motion to Amend are granted.

---

[1] The Court also notes Defendants' Motion to Dismiss (Dkt. 25) and Plaintiff's Motion for Default (Dkt. 63) are also pending before the Court. The Court will make determinations as to those two motions in separate Reports and Recommendations.

**I.   Motion to Compel**

Plaintiff has filed a "Motion to Compel," requesting the Court direct several Defendants listed in Plaintiff's Proposed Amended Complaint (Dkt. 53-1) to respond to the Proposed Amended Complaint. Dkt. 59. Initially, Plaintiff's Proposed Amended Complaint was just that – a *proposed* pleading. As such, no Defendants were required to file an Answer in response to it. In addition, before Plaintiff filed his Motion to Compel, the Court had granted Plaintiff's previous Motion to Amend. Dkt. 58. The Court has now granted Plaintiff's Motion to Amend and Amended Motion to Amend. Dkts. 60, 65. As such, Plaintiff's Proposed Amended Complaint is not the operative complaint in this action, and so does not require an Answer from Defendants. Therefore, the Court finds Defendants need not respond to Plaintiff's Proposed Amended Complaint at this time. Accordingly, Plaintiff's Motion to Compel (Dkt. 59) is denied.

**II.   Motions to Amend**

Plaintiff has filed two motions requesting leave to amend. First, his Motion to Amend states Plaintiff "want[s] to exclude all defendants, except stated below." Dkt. 60, p. 1. He then names "Stephen Pearsall," "Sunshine Akin," "Joseph Gatchell," and "Anthoney Fuerte" as Defendants. *Id*. at 1-2. Plaintiff specifies that Defendant Fuerte, a fellow prisoner, is not being sued as a state actor under 42 U.S.C. § 1983, but as a private citizen, presumably under state tort law. *Id*. Defendants do not generally oppose Plaintiff's request to amend his Complaint. Dkt. 62. However, because Plaintiff failed to attach a proposed amended complaint, Defendants state they cannot identify what the operative complaint is in this action or adequately determine what claims Plaintiff is raising at this time. *Id*. Though they do not oppose Plaintiff narrowing and

specifying his claims, they request that he be directed to file a Second Proposed Amended Complaint in order to properly identify Plaintiff's claims. *Id.*

Second, Plaintiff's Amended Motion to Amend is almost identical to Plaintiff's Motion to Amend, stating he would like to name the same Defendants and again specify Defendant Fuerte is not being sued as a state actor. Dkt. 65. Defendants again do not generally oppose Plaintiff's request. Dkt. 66. However, they request the Court direct Plaintiff to file a Second Proposed Amended Complaint specifying his new claims, rather than allowing Plaintiff to simply drop Defendants or change his claims through the motion itself. Dkt. 66.

The Court previously directed Plaintiff to file a Second Proposed Amended Complaint by January 25, 2019. Dkt. 58. However, Plaintiff has not done so. Instead, he filed the current motions requesting that he be allowed to amend his complaint and limit his action to include only four Defendants. Because Defendants do not generally oppose Plaintiff's request, and because the Court has already provided Plaintiff leave to amend, Plaintiff's Motion to Amend (Dkt. 60) and Amended Motion to Amend (Dkt. 65) are granted. Plaintiff may file a Second Proposed Amended Complaint on or before February 20, 2019. In his Second Proposed Amended Complaint, Plaintiff should only include claims against the four Defendants he has identified in his Motion to Amend and Amended Motion to Amend. Dkts. 60, 65.

**III. Instructions to Plaintiff and the Clerk**

Plaintiff's Motion to Compel (Dkt. 59) is denied. Plaintiff's Motion to Amend (Dkt. 60) and Amended Motion to Amend (Dkt. 65) are granted.

Plaintiff must file a Second Proposed Amended Complaint on or before February 20, 2019.

In Plaintiff's Second Proposed Amended Complaint, Plaintiff should only include claims against the four Defendants he noted in his Motion to Amend and Amended Motion to Amend. Dkts. 60, 65.

Plaintiff shall present the Second Proposed Amended Complaint on the form provided by the Court. The Second Proposed Amended Complaint must be legibly rewritten or retyped *in its entirety*, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The Second Proposed Amended Complaint will act as a complete substitute for all previous complaints, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the Second Proposed Amended Complaint must be complete in itself and all facts and causes of action alleged in previous complaints that are not alleged in the Second Proposed Amended Complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will review the Second Proposed Amended Complaint to determine whether it adheres to this Court's order.

If Plaintiff fails to file the Second Proposed Amended Complaint or fails to adequately address the issues raised herein on or before February 20, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 6th day of February, 2019.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge