UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS STEVEN RAY PARKER,

Plaintiff,

v.

DANIEL WHITE, et al.,

Defendants.

CASE NO. 3:18-cv-05093-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: March 8, 2019

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff's Motion for Default (Dkt. 63).[1]

Plaintiff has filed a Motion for Default, seeking default against several Defendants for failing to respond to Plaintiff's "Amended Brief [he] had submitted on November 27, 2018." Dkt. 63. "When a party against whom a judgment for affirmative relief is sought has failed to

---

[1] The Court notes Defendants' Motion to Dismiss (Dkt. 25) is also pending before the Court. The Court will make a determination as to that motion in a separate Order or Report and Recommendation.

REPORT AND RECOMMENDATION - 1

plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Likewise, under Local Rule 55(a), upon motion by a party supported by an affidavit, "the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but has failed to plead or otherwise defend." The duty to file a responsive pleading is only triggered when a party has received sufficient service of process. *See Worrell v. B.F. Goodrich Co.*, 845 F.2d 840, 841-21 (9th Cir. 1988).

Here, the Court has only directed service as to Defendant Longano and Defendant White. *See* Dkt. 14. No other parties had received service when Plaintiff filed his Motion for Default, and so no other parties were required to file any sort of responsive pleading. Further, both Defendant Longano and Defendant White did adequately file a responsive pleading. Therefore, Plaintiff has failed to show that any other Defendants have received adequate service of process, but have failed to file a responsive pleading. Accordingly, the Court recommends Plaintiff's Motion for Default (Dkt. 63) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 8, 2019, as noted in the caption.

Dated this 15th day of February, 2019.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2