UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS STEVEN RAY PARKER,

    Plaintiff,

v.

DANIEL WHITE, et al.,

    Defendants.

CASE NO. 3:18-cv-05093-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: March 15, 2019

    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff Dennis Steven Ray Parker, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on February 5, 2018. Dkt. 1.

    Plaintiff argues his constitutional rights were violated because he did not receive adequate medical care. Dkt. 9. However, he has made no specific allegations against Defendant White except to imply Defendant White was the supervisor of those who allegedly violated Plaintiff's rights, and his allegations against Defendant Longano, even taken as true, do not amount to a constitutional violation. The Court finds Plaintiff has failed to state a claim against either Defendant White or Defendant Longano. In addition, Plaintiff's only other Defendants are

REPORT AND RECOMMENDATION - 1

1  all "John Doe" Defendants, and Plaintiff has failed to file an amended pleading properly naming

2  those John Doe Defendants, even though the Court has provided Plaintiff with multiple

3  opportunities to do so. Therefore, the Court recommends Defendants' Motion to Dismiss

4  ("Motion") (Dkt. 25) be granted, Defendant White and Defendant Longano be dismissed, and all

5  remaining claims be dismissed without prejudice.

6  **I.      Background**

7       Plaintiff initially filed this action on February 5, 2018. Dkt. 1. After Plaintiff corrected his

8  Motion to Proceed *In Forma Pauperis* ("Motion for IFP"), Dkt. 3, filed two Proposed Amended

9  Complaints, Dkts. 5, 7, and the Court granted his Motion for IFP, Dkt. 8, the Clerk docketed

10 Plaintiff's second Proposed Amended Complaint as the operative Complaint in this action. *See*

11 Dkt. 9. After screening Plaintiff's Complaint, the Court determined Plaintiff had properly named

12 Defendant White and Defendant Longano, but had also named numerous John Doe Defendants.

13 Dkt. 10. The Court thus directed Plaintiff to provide the names of his John Doe Defendants. Dkt.

14 10. Plaintiff responded by providing the Court with two sets of interrogatories, attempting to

15 identify his John Doe Defendants. Dkts. 11, 12.

16       After the Court directed service of Plaintiff's Complaint on his named Defendants, Dkt.

17 14, Defendant White and Defendant Longano filed their Motion. Dkt. 25. Because Defendant

18 White and Defendant Longano were the only named Defendants in Plaintiff's case, the Court

19 authorized discovery for the limited purpose of discovering the identity of Plaintiff's John Doe

20 Defendants. Dkt. 28. In response, Plaintiff attempted to file interrogatories regarding his John

21 Doe Defendants with the Court, which the Clerk declined to file pursuant to Local Civil Rule

22 5(b). *See* Dkt. events at 7/27/2018, 8/1/2018. Plaintiff then filed a Motion to File Interrogatories,

23 asking "why are the limited [discovery], and thirteen interrogatories not being filed in this case."

24

Dkt. 29. The Court denied Plaintiff's Motion to File Interrogatories, explaining to Plaintiff that he was required to serve the interrogatories on Defendants' counsel, not the Court. Dkt. 32. The Court extended the limited discovery period to September 26, 2018 to accommodate Plaintiff providing the interrogatories to Defendants' counsel. *Id*.

On October 30, 2018, after Plaintiff had filed two motions to compel but had still failed to move to amend his Complaint or file an Amended Complaint containing the names of Plaintiff's John Doe Defendants, the Court directed Plaintiff to file an Amended Complaint naming his John Doe Defendants. Dkt. 48. On November 27, 2018, Plaintiff filed a Motion to Amend and attached a Proposed Amended Complaint. Dkt. 53. However, Plaintiff included in his Proposed Amended Complaint a Defendant who is now deceased, a § 1983 claim against his former cell mate, and still included John Doe Defendants. *Id*. The Court granted Plaintiff's Motion to Amend on December 28, 2018, but required Plaintiff to file a Second Proposed Amended Complaint: (1) omitting allegations against the deceased Defendant or, in the alternative, naming the deceased Defendants' successor in interest; (2) omitting allegations against his former cell mate; and (3) omitting allegations against John Doe Defendants or, in the alternative, properly naming the John Doe Defendants. Dkt. 58. The Court provided Plaintiff until January 25, 2019, to file the Second Proposed Amended Complaint. *Id*.

Instead, Plaintiff filed a Second Motion to Amend on January 7, 2019, Dkt. 60, and an "Amended Motion to Amend" on January 24, 2019, Dkt. 65, but did not include a Proposed Second Amended Complaint. On February 6, 2019, the Court again granted Plaintiff leave to amend, and again directed Plaintiff to file a Second Proposed Amended Complaint on or before February 20, 2019. Dkt. 67. Plaintiff has still not filed his Second Proposed Amended Complaint. *See* Dkt.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990).

While the Court must accept all the allegations contained in a complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## III. Discussion

### A. Failure to File Amended Complaint

Initially, the Court notes Plaintiff was provided leave to file a Second Proposed Amended Complaint on or before February 20, 2019. Dkt. 67. Plaintiff has failed to do so. As such, his initial Complaint (Dkt. 9) is the operative Complaint in this action, and the Court will analyze Defendants' Motion as it applies to Plaintiff's Complaint. *See*, *e.g.*, *Daniel v. Fredricksen*, 2012

WL 5383688, at *1 n.1 (W.D. Wash. Sept. 14, 2012) *report and recommendation adopted* 2012 WL 5384743 (noting failure to file an amended complaint renders the original complaint the operative complaint in the case); *Snyder v. Lisk*, 2018 WL 4258503, at *1 (D. Nev. Sept. 5, 2018) (original verified complaint is the operative complaint because the plaintiff did not file an amended complaint); *Ashford v. Barker Management*, 2010 WL 11519523, at *1 (C.D. Cal. Dec. 1, 2010) (operative complaint was the third amended complaint because the plaintiff failed to file a fourth amended complaint by a deadline established by the Court).

### B. Claims Against Defendant White

Plaintiff has named Defendant White, the superintendent of the Washington Corrections Center ("WCC"), as a Defendant in this action. Dkt. 9. However, Defendants argue Plaintiff has only stated allegations of supervisory liability against Defendant White. *See* Dkt. 25. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute; and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must show the individually named defendant caused, or personally participated in causing, the alleged harm. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). As such, in a § 1983 action, "supervisory officials are not liable for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)). Rather, a supervisor may only be liable "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2)

a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 646 (citation omitted). Such liability can be imposed, for instance, if the supervisor knew or reasonably should have known his subordinates would cause constitutional injury, or if his own conduct showed reckless indifference to the rights of others. *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal citations and quotation marks omitted); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (a supervisor is only liable for his subordinates' constitutional violations if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them").

Here, Plaintiff has failed to adequately allege any claims against Defendant White. Plaintiff has listed "Superintendent" as a Defendant in the caption of his Complaint. Dkt. 9, p. 1. However, he has made no factual allegations against Defendant White in the body of his Complaint. *See* Dkt. 9. In addition, Plaintiff has made broad statements against "prison officials" and "prison authorities." *See*, *e.g.*, *id*. at pp. 2, 20. The Court concludes Plaintiff could be attempting to sue Defendant White as the superintendent in charge of the facility and allege he is responsible for the actions of prison staff members because he is their superior. However, Plaintiff has not made any allegations as to how Defendant White personally participated in any constitutional deprivations, and supervisory liability alone does not state a cause of action under § 1983. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 676 (vicarious liability is inapplicable to § 1983 actions).

Plaintiff has failed to include any specific allegations against Defendant White explaining how Defendant White participated in Plaintiff's alleged constitutional violations. Therefore, Plaintiff has failed to state a claim against Defendant White. Accordingly, the Court recommends

1 the claims against Defendant White be dismissed and Defendant White be dismissed from this
2 action.

3     C.  Claims Against Defendant Longano

4 Plaintiff has named Defendant Longano, a physician at WCC, as a Defendant, and alleges
5 he violated Plaintiff's Eighth Amendment rights against cruel and unusual punishment. Dkt. 9.
6 However, Defendants argue Plaintiff has not actually provided any allegations Defendant
7 Longano acted with deliberate indifference toward Plaintiff. Dkt. 25. "Deliberate indifference to
8 serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain."
9 *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*,
10 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the
11 seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that
12 need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by*
13 *WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

14 A medical need is serious "if the failure to treat the prisoner's condition could result in
15 further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974
16 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). If a plaintiff shows he suffered from a serious
17 medical need, he must then show the prison officials responded to the need with deliberate
18 indifference. *See Farmer*, 511 U.S. at 834. Deliberate indifference to a prisoner's serious medical
19 need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974
20 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a
21 prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found
22 deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and
23 disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official
24

REPORT AND RECOMMENDATION - 7

1 must both be aware of facts from which the inference could be drawn that a substantial risk of
2 serious harm exists, and he must also draw the inference." *Id.*

3      Here, Plaintiff's allegations against Defendant Longano, even taken as true, do no
4 amount to an Eighth Amendment violation. Plaintiff states he was assaulted by a fellow prisoner
5 and required medical attention because of injuries sustained in the assault. *See* Dkt. 9, pp. 15-20.
6 Read liberally, Plaintiff's allegations against Defendant Longano are that Defendant Longano
7 was the doctor at WCC when Plaintiff was returned to WCC after being discharged from the
8 hospital. *Id.* at pp. 17-18. He states he was housed in the infirmary at WCC and given oxycodone
9 tablets for pain four times a day. *Id.* at p. 17. He states he met with Defendant Longano who "put
10 [him] on morphine and [he] was still in pain." *Id.* He states he was in a wheelchair for three
11 weeks. *Id.* In addition, Plaintiff states he was in the infirmary for a total of 27 days, Defendant
12 Longano informed Plaintiff he was looking to move Plaintiff to a minimum security medical unit
13 at the Coyote Ridge Corrections Center ("CRCC"), and he was in fact transferred to CRCC. *Id.*
14 at p. 18. Plaintiff makes no other allegations against Defendant Longano.

15      The Court finds Plaintiff's allegations against Defendant Longano do not amount to
16 Eighth Amendment deliberate indifference. Plaintiff alleges Defendant Longano placed him on
17 pain killers, provided him a wheelchair, and eventually transferred him to a medical unit at
18 CRCC. Plaintiff has not explained how prescribing medication, providing a wheelchair, and
19 recommending Plaintiff be transferred to a different unit shows Defendant Longano knew of, yet
20 ignored, Plaintiff's serious medical need. To the contrary, Plaintiff's allegations indicate
21 Defendant Longano was providing care to Plaintiff, rather than ignoring him. Indeed, in
22 Plaintiff's Response to Defendants' Motion, Plaintiff states "Doctor Frank Longano MD did a
23 good job taking care of me [while] in [WCC]." Dkt. 27, p. 15. The Court finds Plaintiff's
24

allegations against Defendant Longano, even taken as true, do not amount to medical deliberate indifference. Therefore, Plaintiff has failed to state a claim against Defendant Longano. Accordingly, the Court recommends the claims against Defendant Longano be dismissed and Defendant Longano be dismissed from this case.

### D.  Qualified Immunity

Defendant White and Defendant Longano also argue they are entitled to qualified immunity. However, the Court has already made a determination the claims against Defendant White and Defendant Longano should be dismissed on the merits. Therefore, the Court declines to make a determination as to qualified immunity at this time.

### E.  Claims Against Remaining John Doe Defendants

Plaintiff has also included allegations against numerous John Doe Defendants. Dkt. 9. The use of "John Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Although a plaintiff may be given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process until they are identified by their real names. *Id*. at 643. In addition, pursuant to Federal Rule of Civil Procedure 4(m), all parties, even John Doe Defendants, must be served within 90 days of the filing of an action. *See Preuitt v. Oregon Dep't of Corr*, 2017 WL 1043300, at *5 (D. Ore. March 1, 2017) *report and recommendation adopted* 2017 WL 1043284 (applying the 90 day service period to John Doe Defendants); *Morris v. Barra*, 2012 WL 1059908, at *2 (S.D. Cal. March 28, 2012) (applying the now amended 120 day service period to John Doe Defendants).

Here, the Court has provided Plaintiff with ample opportunity both to acquire the names of his John Doe Defendants and to file an amended pleading naming those John Doe Defendants,

1  thus allowing the Clerk to perfect service on those John Doe Defendants. As noted above, the

2  Court instructed Plaintiff he must file a motion to amend in order to amend his Complaint and

3  properly name his John Doe Defendants. The Court then granted Plaintiff's three subsequent

4  Motions to Amend, providing Plaintiff leave to submit an amended pleading containing the

5  names of his John Doe Defendants. However, the Proposed Amended Complaint Plaintiff

6  initially filed still contained references to John Doe Defendants, and Plaintiff failed to include a

7  proposed pleading when submitting his other Motions to Amend. Nonetheless, the Court still

8  provided Plaintiff until February 20, 2019 to file a Second Proposed Amended Complaint.

9  Despite all of these opportunities, Plaintiff has still failed to do so. The Court concludes Plaintiff

10  has failed to properly name his John Doe Defendants, thereby allowing the Clerk to properly

11  perfect service, and further the 90-day period for service of Plaintiff's Complaint has passed.

12  Therefore, the Court finds Plaintiff, despite multiple opportunities to file his Second

13  Proposed Amended Complaint, has still failed to file an amended pleading adequately naming

14  his John Doe defendants. Accordingly, the Court recommends Plaintiff's remaining claims be

15  dismissed without prejudice.

## CONCLUSION

17  Based on the foregoing, the Court concludes Plaintiff has failed to state a claim against

18  Defendant White or Defendant Longano, and has failed to file his Proposed Second Amended

19  Complaint, properly naming his John Doe Defendants, as directed by the Court. Accordingly, the

20  Court recommends the claims against Defendant White and Defendant Longano be dismissed on

21  the merits, and Plaintiff's remaining claims be dismissed without prejudice.

22  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

23  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

24

1  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

2  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

3  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

4  March 15, 2019, as noted in the caption.

6　　　　Dated this 27th day of February, 2019.

　　　　　　　　　　　　　　　　　　　　　　　David W. Christel
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

REPORT AND RECOMMENDATION - 11